LYONS Judge,
delivered the opinion of the Court.
After stating the case, he said, that the suggestion concerning the preference given in the deed of trust, to those debts for which Mr. Pendleton was alone accountable, was not well founded, and ought not to avail the appellant.
The important point in the case is, the time when the right of action accrued ? It is contended by the appellant, that the right accrued, and the act of limitations began to run, when the bill was taken in, and the bond executed for its amount. The Court consider all the circumstances of the case. The complainant ought not to be barred, unless the execution of the bond was a payment, and gave him a complete right of action for the amount of the bills; for, equity avoids circuity. It is then to be enquired, whether Mr. Pendleton could, under the circumstances of the case, on the execution of the bond, have recovered from Mr. Lomax a moiety of the bill ?* If he had instituted a suit at law, Mr. Lomax would have gone into Chance *471 ry, and have claimed the benefit of the trust. The Court must have injoined the judgment at law, until the trust was settled, or have divided the outstanding debts, which would have been of no service to Mr. Lomax: Therefore, unless the bond be a payment, Mr. Pendleton could not have come into equity, until the trust was finished. What is the nature of the bond ? It stopped the interest of ton per cent.; and is given to serve the trust estate, and relieve Mr. Lomax, as well as Mr. Pendleton. The bond was to be discharged out of the trust estate, and, therefore, ought not, in equity, to be considered as such a payment, as to create a bar to a suit in equity, for a moiety of the money, which, in fact, was afterwards paid.
The act of limitations, then, ought not to commence uutil the trust was concluded. The bill states this to have been in 1762; but, the report shews that it was not till 1764; and from that time the act of limitations runs. This suit, therefore, having been brought in 1768, is not barred by the act of limitations.
It is objected, that no interest is allowed on money collected from the bonds due the trust estate, while the money remained in the hands of the trustee: The Court think this a good objection, and that an account ought to be taken, to shew when the trustee received money; and whether he retained it in his hands an unreasonable length of time. Small sums should not bo considered as being certainly to be accounted for, and disposed of immediately; but large sums ought.
The certificate was as follows:
“ The Court is of opinion, that the act of limitations is no bar to the demand of the appellee, under the circumstances of his case; but, that he should account for interest on so much of the money received by him, under the deed of trust in the hill mentioned, as was not paid in a reasonable time after collection, to the persons entitled to it by the said deed, if on an account to be taken, or rendered, it shall so appear, except on small, or inconsiderable sums, that a reasonable allowance should he made to the appellee for his own trouble and expenses; and that the decree of the County Court of Caroline ought to be reversed, and auditors appointed to rc-state and settle the accounts ae ■ fording to the foregoing opinion. ”

[* See on this subject, Pothier on Oblig. P. 2, c. 6, § 7, Art. 1. Barclay et al. v. Gooch, 2 Esp. Rep. 571; Taylor v. Higgins, 3 East, 169; Maxwell v. Jameson, 2 Barn, and Ald. 51; Powell v. Smith, 8 Johns. R. 249; Cumming v. Hackley, 8 Johns R. 202; Morrison v. Berkey, 7 Serg. & Raw 238.]